**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**YUK NGA KU, aka Monica Ku,
Defendant—Appellant.**

No. 05–50098.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2006.\*

Filed May 12, 2006.

---

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

668

Lawrence S. Middleton, Esq., Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff—Appellee.

Gail Ivens, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

Yuk Nga Ku ("Ku"), aka Monica Ku, appeals her smuggling conviction, claiming

** This disposition is not appropriate for publication and may not be cited to or by the

insufficient evidence. Because the government presented sufficient evidence from which a rational juror could find that Ku knew she was illegally importing merchandise, we affirm. *United States v. Garcia–Paz*, 282 F.3d 1212, 1217 (9th Cir.2002).

Ku, along with codefendant Scott Cheung ("Cheung"), occupied an office at the Golden Chance warehouse, where the first two shipping containers were delivered. When law enforcement agents confronted Cheung about the containers, Ku assisted in transporting them to another warehouse. Upon discovering that the new location of the containers had been revealed, Ku demanded their immediate release so she could move them to a third warehouse. Soon after the containers were moved there, a warehouse employee confirmed that a woman named "Monica" attempted to prevent him from keeping copies of the documents related to the containers. When he inquired as to her motivation, "she clearly said [she] d[id]n't want Customs to know what [she was] doing." Further, upon being questioned about the containers, Ku twice presented documents for prior legally imported shipments, instead of providing the documents for the shipments in question.

Drawing all reasonable inferences in favor of the government, *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir.2000), Ku's incriminating statements and efforts to conceal the containers provide sufficient evidence from which a rational juror could conclude that Ku knew she was illegally importing goods.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.